**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000620
17-OCT-2012
09:27 AM**

NO. CAAP-11-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ARTHUR TAI AND CATHY TAI,
Plaintiffs-Appellees,
v.
RICHARD LEONARD RADFORD,
Defendant-Appellee,
and
TRICIA MORRIS, HERMAN-MORRIS ENTERPRISES, INC.
D.B.A. HAWAII'S PREMIERE MORTGAGE COMPANY,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0310)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)


In this appeal arising out of a loan dispute,
Defendants-Appellants Tricia Morris (Morris) and Herman-Morris
Enterprises, Inc., dba Hawaii's Premiere Mortgage Company (HPMC)
appeal from the July 28, 2011 Final Judgment (Judgment) and the
July 28, 2011 "Rule 54(b) Final Judgment on Count III: Breach of
Guaranty of Verified Complaint against Defendants Tricia Morris
and Herman-Morris Enterprises, Inc., d.b.a. Hawai'i's Premiere
Mortgage Company" (Certified-Judgment) both entered in the

Circuit Court of the Second Circuit[1] (circuit court). Judgment was entered in favor of Plaintiffs-Appellees Arthur Tai and Cathy Tai (collectively, Tais) and against Morris, HPMC and Defendant-Appellee Richard Leonard Radford (Radford).

## I. Background

The Tais loaned $210,000 to Radford. Morris executed a guaranty that is at issue in this appeal. Radford defaulted on his contractual promise to repay the loan. On May 13, 2010, the Tais filed a Verified Complaint (Complaint) against Radford, Morris and HPMC asserting three counts:

   (1)   breach of contract against Radford;

   (2)   quantum meruit against Radford; and

   (3)   breach of guaranty against Morris and HPMC.

On June 16, 2010, Morris and HPMC filed their Verified Answer (Answer) to the Tais' Complaint. Radford failed to answer the Tais' Complaint and on June 30, 2010, the circuit court entered a default against Radford. On May 23, 2011, the circuit court resolved the remaining claims by granting the Tais' motion for partial summary judgment.

On July 28, 2011, the circuit court entered Judgment in favor of the Tais and against Radford on Count 1 and Count 2 and in favor of the Tais and against Morris and HPMC on Count 3. On the same day, the circuit court entered a Hawaiʻi Rules of Civil Procedure Rule 54(b) Certified-Judgment in favor of the Tais and against Morris and HPMC on Count 3.

On August 22, 2011, Morris and HPMC filed a notice of appeal from the Judgment and Certified-Judgment.

## II. Discussion

On appeal, Morris and HPMC contend the circuit court erred in granting the Tais' motion for partial summary judgment because it "was not appropriate in view of disputed facts

---

[1]   The Honorable Joseph E. Cardoza presided.

material to contract issues of ambiguity and consideration[.]"
Morris and HPMC also contend the circuit court erred in granting
the Tais' motion for attorney fees and costs because Morris and
HPMC believe they will prevail in this appeal.

The language of the Personal Guaranty (Guaranty) is as
follows:

> This [Guaranty] is entered into as of April 11, 2008.
>
> Mortgage dated August 9, 2006 by and between
> [RADFORD], an individual, whose address is at PO BOX 678,
> KIHEI, HAWAII 96753 (the "Borrower"), in favor of [TAIS],
> husband and wife, whose address is at 3950 KALAI WAA DRIVE
> T-103, KIHEI, HAWAII 96753 (collectively, the "Lender").
>
> Mortgage dated August 9, 2006 is being cross-
> collaterized [sic] with property located at 163 West Ikea
> Kai Place, Kihei, Hawaii 96753 by Mortgage dated April 10,
> 2008.
>
> [Morris], President of [HPMC], agrees to act as
> Guarantor, to prevent any losses to the Lender in the event
> of Borrower's default.
>
> IN WITNESS WHEREOF, the Guarantor has executed this
> Guaranty as of the day and year first above written.

Generally, the determination of whether a contract is
ambiguous is a question of law. Foundation Int'l., Inc. v. E.T.
Ige Constr., Inc., 102 Hawai'i 487, 496, 78 P.3d 23, 32 (2003).

> To determine whether ambiguity exists, this court has said
> that the test lies not necessarily in the presence of
> particular ambiguous words or phrases but rather in the
> purport of the document itself, whether or not particular
> words or phrases in themselves be uncertain or doubtful in
> meaning. A court should look no further than the four
> corners of the document to determine whether an ambiguity
> exists.

Id. at 496-97, 78 P.3d at 32-33 (internal quotation marks and
citations omitted). The Guaranty refers to an August 9, 2006
mortgage between Radford (identified as the borrower) and the
Tais (identified as the lender) and that the August 9, 2006
mortgage is being "cross-collaterized [sic] with property located
at 163 West Ikea Kai Place, Kihei, Hawaii 96753 by Mortgage dated
April 10, 2008." The Guaranty then states "[Morris], President
of [HPMC], agrees to act as Guarantor, to prevent any losses to

3

the Lender in the event of Borrower's default."  The signature
line for the Guaranty is signed by Morris in the following
fashion:

> HERMAN-MORRIS ENTERPRISES, INC.
> dba Hawaii's Premier Mortgage Company
>
> _____
> Name: TRICIA MORRIS
> It's [sic] President
> Address:  535 Lipoa Parkway, Suite 101
>           KIHEI, HAWAII 96753

The document is ambiguous as to whether Morris and/or
HPMC is the intended guarantor.  The circuit court held that *both*
Morris and HPMC are liable under the Guaranty.  In Hokama v.
Relinc Corp., 57 Haw. 470, 559 P.2d 279 (1977), the Hawaiʻi
Supreme Court vacated a summary judgment ruling dealing with
somewhat analogous circumstances.  In Hokama, the president and
secretary of a corporation signed contracts under signature lines
similar to the instant case.  There, the trial court had granted
summary judgment for the two corporate officers, ruling that they
did not have personal liability for the contracts they had
signed.  The supreme court, however, held that the contracts were
ambiguous and that parol evidence was admissible to explain the
circumstances surrounding execution of the contracts, where the
language within the contracts was "reasonably susceptible of the
interpretation that the officers could be held personally liable"
under the contracts.  Id. at 474-75, 559 P.2d at 282-83.  Similar
to Hokama, it is not possible to determine the intended guarantor
by looking only at the Guaranty itself.

Additionally, the document is unclear as to what
default the Guaranty is intended to protect against.  The circuit
court appears to have interpreted the document as a guaranty that
Radford would pay on promissory notes allegedly secured by the
referenced mortgages, but the promissory notes are not referenced

or alluded to anywhere in the Guaranty. The intended default to be addressed by the Guaranty is ambiguous.

Parol evidence submitted by the parties related to the Tais' motion for partial summary judgment serves to further establish that there are genuine issues of material fact. The parties dispute whether Morris intended to be personally liable under the Guaranty, and Morris even disputes she intended HPMC to be liable for Radford's debt. Moreover, the August 9, 2006 mortgage adduced by both the Tais and Morris/HPMC (and which was apparently referred to in the Guaranty), names HPMC (not the Tais) as the "lender", which is inconsistent with the Guaranty. Although evidence was submitted to the effect that a promissory note between Radford and HPMC was assigned to the Tais, there is no evidence that the August 9, 2006 *mortgage* was assigned to the Tais and, again, no reference was made to a promissory note in the Guaranty. This creates issues of material fact as to the purport of the Guaranty.

On a motion for summary judgment, "[a] fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Crichfield v. Grand Wailea Co., 93 Hawai'i 477, 482-83, 6 P.3d 349, 354-55 (2000) (quoting Hulsman v. Hemmeter Dev. Corp., 65 Haw. 58, 61, 647 P.2d 713, 716 (1982)). "[A] 'genuine issue as to any material fact' . . . under a conflict in the affidavits as to a particular matter must be of such a nature that it would affect the result." Richards v. Midkiff, 48 Haw. 32, 39, 396 P.2d 49, 54 (1964).

In reviewing a circuit court's grant or denial of a motion for summary judgment, the appellate court "must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion." Crichfield, 93 Hawai'i at 483, 6 P.3d at 355. "[A]ny doubt concerning the propriety of granting the motion should be resolved in favor of

the non-moving party." <u>GECC Fin. Corp. v. Jaffarian</u>, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995).

Therefore, because there are genuine issues of material fact, we vacate the partial summary judgment against Morris and HPMC. We also vacate the order awarding attorney's fees and costs to the Tais from Morris and HPMC.

### III. Conclusion

The July 28, 2011 Final Judgment and the July 28, 2011 "Rule 54(b) Final Judgment on Count III: Breach of Guaranty of Verified Complaint against Defendants Tricia Morris and Herman-Morris Enterprises, In., d.b.a. Hawai'i's Premiere Mortgage Company" both entered in the Circuit Court of the Second Circuit are vacated and this case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, October 17, 2012.

On the briefs:

Joel Eser Richman
for Defendants-Appellants
Tricia Morris and
Herman-Morris Enterprises,
Inc. dba Hawaii's Premiere
Mortgage Company.

Margery S. Bronster
Jae B. Park
(Bronster Hoshibata)
for Plaintiffs-Appellees
Arthur Tai and Cathy Tai.

Presiding Judge

Associate Judge

Associate Judge